UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**THOMAS GLENN RIDGEWAY**                                                              **PETITIONER**

v.                                                                    **CIVIL ACTION NO. 5:15CV-P35-TBR**

**HON. LARRY JACK TELLE, JUDGE** *et al.*                                    **RESPONDENTS**

### MEMORANDUM OPINION

Petitioner Thomas Glenn Ridgeway, a *pro se* prisoner at the Marshall County Jail, initiated this action by filing, on his own paper, a handwritten document styled "Motion For Case Review/Audit And Judicial Action/Remedy" (DN 1). The Court construed the action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and by Order entered February 27, 2015, directed Ridgeway to (1) file his petition on the Court's § 2241 form and (2) file an application to proceed without prepayment of fees and affidavit along with a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that he has in any account in the institution. The Court warned Ridgeway that his failure to comply within 30 days from the entry date of the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The compliance period has expired, and Ridgeway has failed to comply or show cause for said failure.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements

that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Ridgeway failed to comply with a straightforward Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:     Petitioner, *pro se*
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
        Frankfort, KY 40601
4413.005